Concurring Opinion.
Fenner, J.
Under the Code of Practice, the only persons entitled to bring the possessory action, are those who possess real estate as owners, or are entitled to the usufruct or use, or other real right thereupon.
Those who possess in the name of another, such as tenants, are not entitled to the possessory action. C. P. 47, 48.
The issues in a possessory action may be two-fold; 1st, the fact of possession ; 2d, the nature of the possession.
In this case, plaintiffs, in .their original petition, averred that they held possession under a “ life-lease,” and they filed with their petition the document described in the opinion just read, which is itself headed bj' the caption “ lease.”
Subsequently, after answer filed by defendant, they filed an amended petition, in which they averred that the term “ life-lease,” used by them in their original petition, was erroneous, and should have been “ life estate.”
It is perfectly apparent, on the face of plaintiffs’ pleadings, that their possession is exclusively under and by virtue of the document filed by them with their petition, and afterwards introduced in evidence by them.
*1056 The inquiry is, therefore, perfectly legitimate and necessary, whether such possession is that of an owner or of one entitled to an usufruct or use, or real right, or whether it is a possession in the name of another, such as that of a tenant. In the latter case, manifestly, it is not sufficient to maintain the action.
The instrument, under which the possession is held, is a mere permission to occupy the premises during life, constituting simply a tenancy at will.
We have, heretofore, held that such a gratuitous verbal permission had such effect only. 33 An. 897.
The case is not different where the permission is gratuitously given by writing “ sous seing privé.”' C. C. 1536, 2015.
The terms of the instrument and the evidence satisfy us that the permission was entirely gratuitous, and that the phrase therein — “ the said Salabah is to enclose the same at Ms own expense ” — was not intended to impose an obligation on Salabah, but was simply designed to relieve the donor from any duty to enclose, and from any liability for injury resulting to the tenant from non-inclosure, suggested, no doubt, by the fact that the “ Point Field ” lay in the middle of the grantor’s property.
The possession of a tenant at will is not such as to support a possessory action.
For these reasons I concur.